IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**     :

      v.                :        Case No. CR-2-14-127(19)

**JOHNATHAN HOLT**              :        JUDGE MARBLEY

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Holt is currently set for sentencing on January 25, 2017, after his conviction at trial in December 2016. Holt was convicted of Count 19 (Murder in Aid of Racketeering) and Count 20 (Murder through the use of a Firearm During and in Relation to a Drug Trafficking Crime) of the Superseding Indictment in the instant case. There are no outstanding objections by the defendant Holt nor the United States. Based on the circumstances of this case, the undersigned support the Presentence Investigation Report (PSI) sentencing recommendation of consecutive terms of life imprisonment on both counts.

The PSI in this case established that Holt's final offense level was 43 and his criminal history category is IV which results in a guideline sentencing range of life imprisonment. Further, the Count 19, conviction carries a statutory mandatory

1

term of life imprisonment. The findings made by the Probation Officer are legally supportable and factually accurate and should be followed at sentencing by this Court.

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence. Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of this offense are the most important §3553(a) factors relevant to the sentencing of Holt.

Holt has been convicted of furthering the goals of the Short North Posse, a violent criminal enterprise, by engaging in a murder in furtherance of racketeering activity. Evidence at trial established that Holt committed a number of armed

2

robberies with SNP member Lance Reynolds (and others) leading up to the instant offense.  While the defendant's participation in this enterprise was of a short duration compared to some co-defendants, it culminated in the murder of Quincy Battle on March 24, 2010.

Holt's agreement to participate in the armed robbery of Battle in search of marijuana and drug proceeds ended in an entirely predictable result with weapons drawn and fired by both Holt and co-defendant Wharton.  Battle's needless death in pursuit of a few hundred dollars and some ounces of weed has haunted his family ever since.

Holt exercised his right to a trial by jury apparently relying on his claims of a government set up and/or witness falsification.  The evidence at trial completely contradicted those claims and rightly resulted in Holt's conviction. Defendant Holt's complete lack of acceptance of responsibility for this offense has further punished the victim family who are left looking for answers from a defendant who admits no involvement and still expresses no remorse.

Holt's current physical condition (paraplegic as a result of gunshot wounds) should not be given great weight in determining the appropriate sentence in this case.  Holt's own

criminal activity appears likely to have prompted the reprisal shooting and his subsequent injuries. It is also worth noting that Holt was also convicted of Carrying a Concealed Weapon (a 4th degree felony) for criminal conduct committed after this shooting and his paralysis. (PSI ¶87)

The instant case involves the most serious of offenses warranting the most severe of sentences. The sentence of life imprisonment would balance the nature and circumstances of this crime, reflect the seriousness of the offense, provide just punishment for the defendant, afford a measure of deterrence and certainly protect the public from future crimes of the defendant.

Under all of the circumstances of this case, the undersigned believes that a reasonable sentence consistent with the rationale of United States v. Booker, 543 U.S. 220 (2005), and U.S. v. Cage, 458 F.3d 537, 541 (6th Cir.2006), would be a term of life imprisonment.

## Conclusion

For all the foregoing reasons, the United States submits that the defendant should be sentenced to consecutive terms of life imprisonment.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        s/Kevin W. Kelley
        KEVIN W. KELLEY  (0042406)
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 11th day of January 2017, via the Court's electronic filing system (ECF) on counsel for defendant, Keith Golden and Adam Karl.

        s/ Kevin W. Kelley
        KEVIN W. KELLEY
        Assistant U.S. Attorney