**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

UNITED STATES OF AMERICA,

                    Plaintiff,       :      Case No. 2:14-cr-127
                                         Also 2:19-cv-3089

                                         Chief Judge Algenon L. Marbley
  -  vs  -                            Magistrate Judge Michael R. Merz

JOHNATHAN HOLT,

                    Defendant.       :

---

## REPORT AND RECOMMENDATIONS

---

       This is an action on a Motion to Vacate Defendant Johnathan Holt's criminal conviction under 28 U.S.C. § 2255. The Motion is ripe for decision on the Motion itself (ECF No. 1613), Defendant's Supplement (ECF No. 1621), the Response and Answer of the United States ("Answer," ECF No. 1644) and Defendant's Reply (ECF No. 1646).

       The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 1647). The case remains assigned to Chief Judge Algenon L. Marbley for final decision.

**Litigation History**

In March 2010 a drug dealer named Quincy Battle was shot and killed by Defendant Holt and a man named Christopher Wharton during an attempt to rob Battle of fifteen pounds of marijuana. At the time of the killing, Holt was two weeks shy of his eighteenth birthday.

The murder remained unsolved for some time. Four years later, suspecting Holt was involved in the murder, investigators obtained a grand jury subpoena for Holt to appear at the federal courthouse for a DNA sample, fingerprints, and a photograph. (Suppression Hrg. Tr., ECF No. 1090, PageID 8747-48, 8751-53.) While there, Holt made a damaging statement about his involvement in the Battle murder.

In October 2014, a federal grand jury indicted Holt for murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and murder with a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(j). (Superseding Indictment, ECF No. 300, PageID 1204-07.) After a four-day trial at which Holt did not testify, the jury found him guilty on both counts. The Court, after considering a Presentence Investigation Report, then sentenced Holt to a term of life in prison for murder in aid of racketeering (Count 19) and a consecutive 25-year prison term for murder with a firearm during a drug-trafficking crime (Count 20) (Judgment, ECF No. 1413, PageID 14397-98.)[1]

With the assistance of new counsel, Holt appealed to the Sixth Circuit which affirmed, *United States v. Holt*, 751 F. App'x 820, 821 (6th Cir. 2018). Holt unsuccessfully sought review by the United States Supreme Court which denied certiorari on February 25, 2019 (ECF No. 1610).

---

[1] In his Motion, Holt recites his sentence as two life terms plus twenty-five years (ECF No. 1613, PageID 19396). The Judgment makes clear that the sentence is as stated in this paragraph (ECF No. 1413, PageID 14398).

Holt then filed this §2255 Motion on July 15, 2019 (ECF No. 1613) and supplemented it on August 6, 2019 (ECF No. 1621).[2]

On motion of the United States, Magistrate Judge Vascura ordered Defendant to file a waiver of attorney-client communication privilege as to his ineffective assistance of counsel claims (ECF No. 1616). Holt made that waiver as part of his motion for an evidentiary hearing (ECF No. 1625). Judge Vascura denied an evidentiary hearing without prejudice to a renewed request, but none has been made (ECF No. 1627). The Government accompanied its Answer with a detailed affidavit from trial attorney Keith Golden (ECF No. 1644). Defendant then filed a timely Reply (ECF No. 1646), rendering the case ripe for decision.

# Analysis

Holt pleads the following claims for relief:

> **Ground One:** Counsel was ineffective based on whether Petitioner's multi-LIFE terms plus 25 years is in violation of his Eighth Amendment Rights as a Juvenile.
>
> **Supporting Facts:** Petitioner was a juvenile when the offenses charged were allegedly committed. He is serving multi-LIFE terms in violation of his Eighth Amendment Rights under the United States Constitution as a result of being a juvenile at the time of these charges.
>
> **Ground Two:** Counsel was ineffective for NOT pursuing a mental health evaluation/examination on Petitioner's behalf.

---

[2] Both the Motion to Vacate and the Supplement were filed within the statute of limitations, a point the Government does not contest. Because the Supplement was filed before the Government answered, Defendant did not require Court permission to amend under Fed.R.Civ.P. 15.

**Supporting Facts:** Counsel was ineffective for not pursuing a Mental Health Evaluation/Examination- based on Petitioner's advice that he suffered from a multitude of serious Mental health Disorders.

**Ground Three:** Counsel was ineffective for not allowing the petitioner to testify on his own behalf.

**Supporting Facts:** Whether Counsel was ineffective for not allowing the petitioner to testify on his own behalf.

**Ground Four:** Counsel was ineffective for not pursuing suppression and Dismisal [sic] of Petitioner's Indictment.

**Supporting Facts:** Counsel violated Petitioner's Sixth Amendment Rights for not pursuing Petitioner's Motion through the Appeal Stages.

(Motion, ECF No. 1613, PageID 19399-403).

In his Memorandum in Support of the Motion and in his Supplement, Holt makes additional unnumbered claims which will be numbered here for ease of reference.

**Ground Five:** "The Government prejudiced the Petitioner's Right to a fair trial by the deliberate delay." The delay was the result of prosecutorial misconduct and Holt received ineffective assistance of trial counsel when his attorney did not pursue this claim.

**Ground Six**[:3] Whether counsel was ineffective for not allowing the petitioner to review his proffer statement from the government after the interrogation of the petitioner, before signing such documents involuntarily, unknowingly, and unintelligently.

(Memorandum, ECF No. 1613, PageID 19417, 19420, 19433.)

In his Supplement, Holt adds two claims including a new claim of ineffective assistance of trial counsel with multiple subclaims.

---

[3] Labeled as Argument Five in the Memorandum of Law.

**Ground Seven:**  Defendant's convictions are unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (June 24, 2019).

**Ground Eight**:  Ineffective assistance of trial counsel

(a) for not calling alibi witnesses;
(b) for not challenging fabricated DNA evidence;
(c) for not challenging the statement of Carl Nelson, including by calling Jeremiah Jones as a witness;
(d) by telling the Court that Holt could not come to his arraignment, despite Holt not authorizing him to say so; and
(e) by not pursuing Holt's testimony[4] that he was an eyewitness and only saw one person shoot his friend.

Supplement, ECF No. 1621, PageID 19454-56.

None of Defendant's pleadings is sworn to, nor has he provided an affidavit from himself or any of the witnesses or possible mental health experts as to what their testimony would have been had they been called.  The only sworn evidence before the Court is the Affidavit of Attorney Keith Golden, Defendant's attorney at trial and sentencing.

Most of Holt's claims are for ineffective assistance of counsel.  The governing standard for ineffective assistance is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

---

[4] Since Holt did not testify, presumably he is referring to something he told the police at the time he gave his DNA sample.

*Id.* at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland,* 466 U.S. at 688, 694; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland,* 466 U.S. at 687, 689-90, 694; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland,* 466 U.S. at 687.

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L.Ed.2d 328 (2009)

> (per curiam); *Strickland*, 466 U.S. at 693, 104 S. Ct. 2052, 80 L.
> Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely"
> the result would have been different. Id., at 696, 104 S. Ct. 2052, 80
> L. Ed. 2d 674. This does not require a showing that counsel's actions
> "more likely than not altered the outcome," but the difference
> between *Strickland's* prejudice standard and a more-probable-than-
> not standard is slight and matters "only in the rarest case." *Id.*, at
> 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a
> different result must be substantial, not just conceivable. *Id.*, at 693,
> 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors. *Strickland, supra*, at 690; *Maryland v. Kulbicki*, 577 U.S. ___, 136 S. Ct. 2, 4 (2015); *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997). *Kulbicki* rejects retrospective perfectionism regarding lawyer's conduct and notes the difference between finding forensic material in 1995 and 2015.

## Ground One: Imposition of Mandatory Life Sentence for a Crime Committed while a Juvenile

In his First Ground for Relief, Holt claims that because he committed this crime while he was still a juvenile, the Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits imposing a mandatory life sentence on him and his attorney provided ineffective assistance of trial counsel when he did not raise this Eighth Amendment claim.

The Government concedes that there is merit in part of the First Ground.

> [B]ecause the Eighth Amendment's restrictions on imposing a
> mandatory life term without parole on Count 19 for a crime
> committed as a juvenile were not called to the Court's attention, this
> Court should vacate Holt's sentence and conduct a resentencing

> hearing. While a discretionary life sentence remains an available option for homicides committed as a juvenile, resentencing is necessary to permit consideration of Holt's youth as required by *Miller v. Alabama,* 567 U.S. 460, 465 (2012).

Answer, ECF No. 1644, PageID 19524. The basis of the concession is that *Miller* held it is a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause to impose a mandatory life sentence without the possibility of parole on a person for a crime he or she committed while a juvenile. Because Miller was handed down before Holt's trial and sentencing, it was deficient performance by trial counsel not to call *Miller* to the Court's attention and the failure was prejudicial because Holt was in fact sentenced to life imprisonment under an understanding that that was the mandatory sentence for committing murder in aid of racketeering.

The Government also concedes that "[b]ecause the sentence on the § 1959 count may have impacted the sentence on the § 924(j) count [murder in the course of drug trafficking], resentencing on both counts is appropriate." (Response, ECF No. 1644, PageID 19530, citing *Pasquarille v. United States,* 130 F.3d 1220, 1222 (6th Cir. 1997). In his Reply, Holt offers no opposition to this analysis, but merely "requests resentencing without an excessive sentence." (ECF No. 1646, PageID 19547).

The Magistrate Judge therefore recommends that the Motion to Vacate be GRANTED as to Ground One. The Court should refer the case for an amended Presentence Investigation Report and appoint counsel to represent Holt in the sentencing process.

**Ground Two:  Ineffective Assistance of Trial Counsel for Failure to Pursue a Mental Health Evaluation**

In his Second Ground for Relief, Holt claims his trial attorney provided ineffective assistance of trial counsel when he did not pursue a mental health evaluation.

In the Motion, Holt claims a number of mental health problems.  He asserts he was at some undisclosed point in time diagnosed as having Attention Deficit Hyperactivity Disorder (ADHD) and as a child with major depression which became worse when he was shot and paralyzed in 2010 (ECF No. 1613, PageID 19415).  He claims an intelligence quotient below 60 and numerous academic problems as well as suicidal ideation and attempts.  *Id.*  "Petitioner also states that he was in a psychiatric hospital and suffers from auditory / visual hallucinations that urge him to do stupid things."  *Id.* at PageID 19416.  The inmate who prepared the Motion on Holt's behalf offers the following opinion:  "In summary it is my understanding from talking with him as another inmate and reviewing his legal file that he was definitely denied proper counsel in reference to establishing his mental competency at the time of the shooting, indictment, and subsequently the trial."  *Id.*

Absolutely no documentation is offered of any mental illness diagnosis or treatment or of Holt's asserted intellectual disability.  Everything in the Motion on this issue is pure assertion without any corroboration.

In contrast, Attorney Golden avers "Mr. Holt never indicated or disclosed any condition(s) to the extent he alleges in his Petition, namely that he suffered 'from a multitude of serious mental health disorders.'" (Affidavit, ECF No. 1644-1, PageID 19542).  Neither Mr. Golden nor his associate attorney who was active in preparing for and trying the case ever had any question that

that Holt was competent to stand trial, much less that he was not guilty by reason of insanity.[5]  *Id.* at PageID 19542-43.

As the Government notes, Judge Marbley had significant and repeated interactions with Holt during pre-trial proceedings and never expressed any doubt about his competency, noting several times that Holt understood the charges and proceedings.

On the record before the Magistrate Judge, Ground Two is without merit.  Mr. Golden has been a Criminal Justice Act attorney for this Court for more than thirty years.  Had Holt shown signs of incompetency during his pre-trial interactions, Golden would undoubtedly have sought a competency evaluation.  Whatever Golden did or did not do, Chief Judge Marbley would undoubtedly have ordered a competency evaluation *sua sponte* if he had reason to doubt Holt's competency.  As to mental health information that might have been used in mitigation at sentencing, Holt does not claim he ever presented any such documented information to Golden or to the Probation Department.

Ground Two should be dismissed on the merits with prejudice.


**Ground Three:  Ineffective Assistance of Trial Counsel for Not Allowing Defendant to Testify**


In his Third Ground for Relief, Holt claims his attorney provided ineffective assistance of trial counsel by not allowing him to testify.  The record thoroughly refutes this Ground for Relief.

---

[5] Briefly, mental health conditions can be relevant in several different ways in a criminal case.  A defendant can be not guilty by reason of insanity where a mental illness or disease prevents him from forming the required mental state for committing a crime.  Such a finding results in his involuntary commitment for treatment.  John Hinckley is probably the most familiar example.  Or a person may be by reason of mental illness unable to understand the proceedings and assist in his defense.  Such a person is declared incompetent and treated until his competency is restored.  Finally, a person with a sufficiently severe intellectual disability is ineligible for the death penalty.  *Atkins v. Virginia*, 536 U.S. 304 (2002).  It appears from his Motion that Holt is asserting all three of these mental conditions.

It is clear from the Motion that Holt is not claiming his attorney gave him unprofessional advice on whether or not to testify. Indeed, Holt does not state what advice Golden gave him on this issue, nor does he state what his testimony would have been (Motion, ECF No. 1613, PageID 19424-26). In contrast, Attorney Golden is clear on the advice he gave Holt:

> Mr. Holt did raise the question of testifying on his own behalf on several occasions with us. In each instance we discussed in detail with him his 5th Amendment rights to include the pros and cons of his testimony. We reiterated to him the many issues that he would be exposed to on cross-examination, most significantly his prior admission to law enforcement during his interview that he shot the murder victim. In each and every instance we advised Mr. Holt of our position that he should not waive his right not to testify. Rather, his placing himself on the witness stand would only serve to benefit the Government in bringing to the attention of the jury that Mr. Holt had confessed to the murder. Following each of these discussions, Mr. Holt chose not to waive his right and opted not to testify. At no time did Mr. Holt ever insist that he be put on the witness stand. Had he insisted, we would have first provided him with a letter outlining the protections afforded by the 5th Amendment, the risks associated with it, and the topics he will be cross-examined on as well as any prior statements he may have made related to the offense. In addition, we would have requested an *ex parte* hearing in order to place in the record the fact that we advised Mr. Holt of his rights, that Mr. Holt was intelligently and knowingly waiving his rights, and that his testifying was contrary to our advice.

(Affidavit, ECF No. 1644-1, PageID 19543-44).

A defendant in a criminal case has a Sixth Amendment right to testify in his own defense. Equally or more important is his Fifth Amendment right not to testify and not to have his silence held against him. A defendant is never asked in front of the jury about this question because a negative answer might cause the jury to suppose he had something to hide. Because of this, a defendant is presumed to have waived his right to testify unless the record contains evidence indicating otherwise. *Hodge v. Haeberlin*, 579 F.3d 627, 640 (6th Cir. 2009) (citing *United States*

*v. Webber,* 208 F.3d 545, 551 (6th Cir. 2000)).  At the very least, the "defendant must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand."  *Id.*, quoting *Webber*, 208 F.3d at 551.  That never happened in this case.  When the question was put to him directly by Judge Marbley, Holt declined to testify (Trial Tr., ECF No. 1524, PageID 16114-15).  At the same point in trial, Holt acknowledged that Golden had advised him not to testify.  Judge Marbley was required to ask Holt directly because the decision of whether to testify is an issue a defendant must decide personally, as is true of whether to try the case to a jury or to the bench.[6]

Even if it had been deficient performance to advise Holt not to testify, Holt has not shown he was prejudiced thereby and has thus not proven the second prong of the *Strickland* test.  In particular, he has not told the Court what he would have testified to and why any testimony by him would not have been subject to devastating cross-examination based on his confession.

Ground Three should be dismissed on the merits with prejudice.


**Ground Four:    Ineffective Assistance of Counsel for Not Pursuing Dismissal of the Indictment**

In his Fourth Ground for Relief, Holt alleges he received ineffective assistance because his attorneys did not pursue his motion to suppress and his motion to dismiss the indictment "through the appeal stages."  (Motion, ECF No. 1613, PageID 19403). This Ground for Relief could be read as alleging ineffective assistance of appellate counsel, but the Motion makes it clear that Holt is

---

[6] While a defendant must decide for himself or herself whether to waive a jury, the defendant's decision on this question is not effective unless the United States Attorney agrees.  In contrast, the Government cannot force a defendant to exercise his Fifth Amendment right not to testify by calling him to the stand and making him decline in front of the jury.

complaining of what was not done with this issue in the trial court, *e.g.*, by not asking for a jury instruction on ratification.

As the United States acknowledges, it must meet certain conditions before proceeding in federal court against a defendant who is younger than 21 at the time of indictment for acts that such defendant committed before turning 18. *See* 18 U.S.C. §§ 5031, 5032; *United States v. Machen*, 576 F. App'x 561, 562 (6th Cir. 2014). In particular, for defendants younger than 21 when indicted, if the charges concern only acts committed before the age of 18, the United States must "'certif[y]' that certain conditions are met and that federal jurisdiction is appropriate[,]" but if the charges concern a "participation in a conspiracy that spanned his eighteenth birthday[,]" the United States may proceed without certification as long as it makes a "'threshold showing' that the defendant 'ratified' his participation in the conspiracy after he turned eighteen." *Machen*, 576 F. App'x at 562; see also *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991).

A plain reading of the statute and this case law makes it clear that these requirements are irrelevant for a defendant who is indicted after turning 21. *United States v. Hoo*, 825 F.2d 667, 669-70 (2nd Cir. 1987). Although Holt was under eighteen when he murdered Battle, he was over twenty-two when he was indicted. This claim therefore fails on the merits.

Ground Four should be dismissed on the merits.


**Ground Five:  Prosecutorial Misconduct by Deliberate Delay of Prosecution**


In his Fifth Ground for Relief, Holt asserts the United States Attorney deliberately delayed his prosecution until he was twenty-two and prejudiced him because "various witnesses" were not available and because it made him triable as an adult (ECF No. 1613, PageID 19417).  He also

asserts "[c]ounsel was ineffective for not pursuing this claim all the way to the United States Supreme Court." *Id.* at PageID 19420.

Holt's first trial attorney moved to dismiss the indictment on the basis of pre-indictment delay (Motion to Dismiss, ECF No. 435). Judge Marbley thoroughly considered that Motion and denied it in a written opinion in which he found that Holt (and other Defendants) had proven neither substantial prejudice nor intentional delay to gain a tactical advantage (ECF No. 682, PageID 3034). Chief Judge Marbley held

> [T]o demonstrate substantial prejudice from a "missing witness," defendants must identify which witnesses would have testified; describe what testimony they would have offered; and explain why that testimony was exculpatory and otherwise unavailable from other sources. *See, e.g.*, [*United States v.] Rogers*, 118 F.3d [466,] 475 (6th Cir. 1997); *United States v. Vaughn*, 444 F. App'x 875, 878-79 (6th Cir. 2011); *United States v. Duncan*, 763 F.2d 220, 222 (6th Cir. 1985).

*Id.* at PageID 3052. Defendants failed to meet that burden because they had "failed to identify a single witness who is no longer available (or willing) to testify." *Id.* Regarding the intentional delay prong of the test, he held:

> Here, the Government has explained its delay as "a herculean investigatory effort" to uncover a massive RICO conspiracy—one that spanned nearly a decade and that included the investigation of fourteen "unsolved, cold-case homicides." (Doc. 658). The Government notes that the FBI's investigation of the alleged conspiracy did not begin in earnest until 2012 and initially resulted in a series of drug-related prosecutions in late 2013. (*Id.*) Only then did the Government obtain information and cooperating witnesses that, combined with a renewed focus on the Short North Posse, resulted in the filing of the original Indictment in 2014. (*Id.*) Given the magnitude and complexity of this case, the Court has no reason to doubt the Government's representations and finds its proffered reasons for delay valid.

*Id.* at PageID 3054.

To the extent Holt is now making a direct claim of prosecutorial misconduct, that claim is barred by his procedural default in failing to present it to the Sixth Circuit on direct appeal. A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6ᵗʰ Cir. 1975); *DiPiazza v. United States,* 471 F.2d 719 (6ᵗʰ Cir. 1973). Therefore, absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. *Reed v. Farley,* 512 U.S. 339, 358 (1994).

> Claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime.

*Ray v. United States,* 721 F.3d 758, 761 (6ᵗʰ Cir. 2013), citing *Bousley v. United States,* 523 U.S. 614, 622 (1998.

To the extent Holt is claiming that the failure to raise this claim on direct appeal is excused by the ineffectiveness of his appellate counsel, he has not established such a claim. A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial. *Evitts v. Lucey,* 469 U.S. 387 (1985). The *Strickland* test applies to appellate counsel. *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). "To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." *Henness v. Bagley,* 644 F.3d 308, 311 (6ᵗʰ Cir. 2011), *citing Wilson v. Parker,* 515 F.3d 682, 707 (6ᵗʰ Cir. 2008). "Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Id.,* citing *Wilson,* 515 F.3d at 707.

The attorney need not advance every argument, regardless of merit, urged by the appellant. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See, e.g.*, *Smith v. Murray*, 477 U.S. 527 (1986); *Williams v. Bagley,* 380 F.3d 932, 971 (6th Cir. 2004); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003).; "Only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of [appellate] counsel be overcome." *Dufresne v. Palmer*, 876 F.3d 248, 257 (6th Cir. 2017), quoting *Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008).

Holt has not even made an argument about how this claim would have been stronger than the claims actually raised on appeal. In particular, he has now shown why the precedent cited by Judge Marbley in denying the motion to dismiss is not controlling or somehow distinguishable.

Ground Five should be dismissed as procedurally defaulted by failure to raise it on appeal.

**Ground Six: Ineffective Assistance of Counsel Regarding "Proffer"**

In his Sixth Ground for Relief, Holt claims he received ineffective assistance of trial counsel when his attorneys did not allow him to "review his proffer statement" before signing it (Motion, ECF No. 1613, PageID 19433). Holt then alleges that he never said anything to the Government that was transcribed and signed by him. *Id.* He then proceeds to discuss possible plea agreements and claims the proffer statement should never have been used against him. *Id.* at PageID 19434.

The Government responds by asserting "[a]t no time in the trial was any evidence of a proffer introduced nor was there any testimony regarding any plea agreement or any plea offer. Moreover, in his affidavit, Attorney Golden specifically states that there was no Rule 11 proffer during his representation of Holt."  (Response, ECF No. 1644, PageID 19536).

In his Reply, Holt repeats, virtually verbatim, what he said on this point in the Motion.  He makes no reference to any place in the record where any "proffer" statement was used against him. Instead, he repeats allegations about plea negotiations which occurred while he was represent by Attorney Saia (Reply, ECF No. 1646, PageID 19551-52).  Regarding these negotiations, the United States wrote in its Response:

> While represented by Jon Saia in November 2015, Holt did attempt to participate in a formal proffer with law enforcement during the time he was considering a guilty plea. Early on in this meeting, Holt failed to truthfully admit his involvement in the offenses charged and the proffer quickly ended. Shortly after, Holt then decided to reject the offered plea agreement and proceed to trial. The Court conducted at least two *Lafler* hearings for Holt to ensure his decision to proceed to trial was a knowing and voluntary choice. These hearings included discussions of all the details of the proposed plea agreements and the specific deadline where the offer would be revoked. (See R. 1512, Lafler Transcript, 14915-25; minute entry, Aug. 4, 2016.) None of this was mentioned at trial.

ECF No. 1644, PageID 19536, n.2.  Holt does nothing in his Reply to refute this factual narrative. More importantly, he cites no place in the record that refutes the Government's statement that no "proffer" was used against him.

Ground Six should therefore be dismissed on the merits as lacking any factual basis.

**Ground Seven:  Convictions Made Unconstitutional by *United States v. Davis***

In his Seventh Ground for Relief, Holt asserts his convictions are made unconstitutional by the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019).

Holt's second count of conviction in this case was for committing murder in the course of a drug trafficking crime in violation of 18 U.S.C. § 924(j).  That statute provides that any person who, in the course of violating 18 U.S.C. § 924(c), "cause[d] the death of a person through the use of a firearm, shall— if the killing is a murder (as defined in [18 U.S.C. §] 1111) be punished by death or imprisonment for a term of years or for life.

Holt claims the Government relied for his conviction on the so-called residual clause of 18 U.S.C. § 924(c)(3)(B), which the Supreme Court in *Davis* found to be unconstitutionally vague (Supplement, ECF No. 1621, PageID 19454).  However, the Government did not rely on that residual clause, which defines a "crime of violence" as any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Instead, the Government relied on the predicate offense of conspiring to possess with intent to distribute marijuana, which is a drug trafficking offense, not a "crime of violence."  (See Indictment, Count Twenty, ECF No. 300, PageID 1206-07).  The Supreme Court has never declared the statutory phrase "drug trafficking crime" to be unconstitutionally vague.

Ground Seven should be dismissed as without merit.

**Ground Eight:  Ineffective Assistance of Trial Counsel in Five Ways**

In his Eighth Ground for Relief, pleaded in his Supplement, Holt makes five additional claims of ineffective assistance of trial counsel. They are stated in summary fashion and can be analyzed in the same manner.

**Failure to Call Alibi Witnesses**

Holt asserts his trial attorney provided ineffective assistance of trial counsel by not calling his alibi witnesses (ECF No. 1621, PageID 19454). Holt never says who these alibi witnesses were or what they would have testified to, much less providing any proof that such witnesses would have provided a viable alibi.

**Failure to Challenge Fabricated DNA Document Evidence**

Holt alleges ineffective assistance of trial counsel in not challenging "the fabricated DNA document evidence" and complain s of stipulations he did not agree to (ECF No. 1621, PageID 19455). A set of written stipulations is filed at ECF No. 1346 and signed by both Golden and Holt. Holt has not suggested anything about the stipulations that is untrue or could not have been easily proven by the Government. He has thus not shown any deficient performance by Golden or any resulting prejudice.

**Failure to Challenge the Statement of Carl Nelson**

Holt alleges Carl Nelson is the owner of the .22 caliber murder weapon (Supplement, ECF No. 1621, PageID 19455). He alleges the police recovered the weapon from Nelson's home and that Nelson's later statement under oath in some court proved the "Columbia [sic] Police Department fabricated the discovery documents." *Id.* Holt's attorney is alleged to have provided ineffective assistance of trial counsel by his "refuasal to challenge these documents in full" and not calling Jeremiah Jones as a witness in regards to Nelson's testimony. All of this is completely conclusory. What was Nelson's statement? How does it prove the police fabricated discovery? What would Jones have testified to? As pleaded in the Supplement, these facts do not begin to show any ineffective assistance of trial counsel in regard to the murder weapon.

**Advising the Court Without Holt's Permission that He Could Not Attend His Arraignment**

Holt claims he was provided ineffective assistance of trial counsel when his attorney told the Court, without his permission, that he could not attend his arraignment (Supplement, ECF No. 1621, PageID 19455.) At the time of Holt's arraignment, he was represented by Jon Saia (Arraignment Transcript, ECF No. 1510, PageID 14860). When Holt's name was called, Mr. Saia responded, "Johnathan Holt is not present in the courtroom today, Your Honor. I was informed this morning that he was taken to the hospital." *Id.* at PageID 14862. When asked by Judge Marbley if Holt had given authority for Saia to appear on his behalf, he said that he had been given authority to appear, but not authority to proceed with arraignment on his behalf. *Id.* Saia felt comfortable proceeding, however, and represented he had authority from Holt to enter a plea. *Id*.

at PageID 14862-63. He confirmed that Holt has received a copy of the superseding indictment. *Id.* at PageID 14865. Representing that Holt had read the indictment and appeared top understand the charges, Saia entered a plea of not guilty on his behalf as to each count. *Id.* at PageID 14870.

Holt has not denied he was in the hospital on the date set for arraignment. If he was hospitalized, he could not attend the arraignment. Because he had a right to be present personally, Saia could have moved for a continuance, but Holt has presented no authority for the proposition that it was somehow deficient performance to fail to do so. Moreover, he has not shown or even suggested any prejudice. Arraignments in federal court, although requires by law, are almost always purely formal proceedings for the entry of a plea. Holt has not even suggested how he suffered any disadvantage from not making Judge Marbley re-set his arraignment.

**Not Pursuing Holt's "Testimony"**

Finally Holt claims that he "testified" "that he witnessed the homicide and that he only saw one person shoot his friend, because he opened the door." (Supplement, ECF No. 1621, PageID 19456). He asserts counsel was "ineffective for not pursuing this line of questioning." *Id*.

Because Holt did not testify at trial, the Magistrate Judge assumes he is referring to the statement he made to police at the time his fingerprints were taken. To have pursued this line of questioning would have required putting Holt on the stand and having him admit he was present at the shooting. Holt would have been subject to cross-examination about how he came to be friends with a drug dealer, who it was that he saw shoot Quincy Battle, how he happened to be present, etc. None of this would have been helpful to the defense. Given only these bare allegations, Holt has failed to show deficient performance or prejudice.

In sum, Holt's Eighth Ground for Relief should be denied on the merits.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be GRANTED as to Ground One, insofar as Holt seeks a new sentencing hearing, and DENIED in all other respects. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 21, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.