# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 2:14-cr-127 |
| | | | Also 2:19-cv-3089 |
| | | | |
| | | | Chief Judge Algenon L. Marbley |
| - vs - | | | Magistrate Judge Michael R. Merz |
| | | | |
| JOHNATHAN HOLT, | | | |
| | | | |
| | Defendant. | : | |

---

# DECISION AND ORDER

---

This is an action on a Motion to Vacate Defendant Johnathan Holt's criminal conviction under 28 U.S.C. § 2255. It is before the Court on Holt's Appeal (ECF No. 1653) from the Magistrate Judge's Report and Recommendations ("Report," ECF No. 1648).

The Court construes the "Appeal" as a set of objections to the Report. As required by Fed.R.Civ.P. 72(b), the Court has considered de novo all portions of the Report to which specific objection has been made and rules on those objections in this Order.

1

**Litigation History**

In March 2010, a drug dealer named Quincy Battle was shot and killed by Holt and a man named Christopher Wharton during an attempt to rob Battle of fifteen pounds of marijuana.  At the time of the killing, Holt was two weeks shy of his eighteenth birthday.

The murder remained unsolved for some time.  Four years later, suspecting Holt was involved in the murder, investigators obtained a grand jury subpoena for Holt to appear at the federal courthouse for a DNA sample, fingerprints, and a photograph. (Suppression Hrg. Tr., ECF No. 1090, PageID 8747-48, 8751-53.)  While there, Holt made a damaging statement about his involvement in the Battle murder.  *Id*. at PageID 8753.

In October 2014, a federal grand jury indicted Holt for murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and murder with a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(j). (Superseding Indictment, ECF No. 300, PageID 1205-07.)  After a four-day trial at which Holt did not testify, the jury found him guilty on both counts.  The Court, after considering a Presentence Investigation Report, then sentenced Holt to a term of life in prison for murder in aid of racketeering (Count 19) and a consecutive 25-year prison term for murder with a firearm during a drug-trafficking crime (Count 20) (Judgment, ECF No. 1413, PageID 14397-98.)

With the assistance of new counsel, Holt appealed to the Sixth Circuit, which affirmed, *United States v. Holt*, 751 F. App'x 820, 821 (6th Cir. 2018).  Holt unsuccessfully sought review by the United States Supreme Court which denied certiorari on February 25, 2019.  *Holt v. United States*, 139 S.Ct. 1281 (2019).  Holt then filed this §2255 Motion on July 15, 2019, pleading the following claims for relief:

**Ground One:** Counsel was ineffective based on whether Petitioner's multi-LIFE (sic) terms plus 25 years is in violation of his Eighth Amendment Rights as a Juvenile.

**Supporting Facts:** Petitioner was a juvenile when the offenses charged were allegedly committed. He is serving multi-LIFE (sic) terms in violation of his Eighth Amendment Rights under the United States Constitution as a result of being a juvenile at the time of these charges.

**Ground Two:** Counsel was ineffective for not pursuing a Mental Health Evaluation/Examination on Petitioner's behalf.

**Supporting Facts:** Counsel was ineffective for not pursuing a Mental Health Evaluation/Examination- based on Petitioner's advice that he suffered from a multitude of serious Mental health Disorders.

**Ground Three:** Counsel was ineffective for not allowing the petitioner to testify on his own behalf.

**Supporting Facts:** Whether Counsel was ineffective for not allowing the petitioner to testify on his own behalf.

**Ground Four:** Counsel was ineffective for not pursuing suppression and Dismisal [sic] of Petitioner's Indictment.

**Supporting Facts:** Counsel violated Petitioner's Sixth Amendment Rights for not pursuing Petitioner's Motion through the Appeal Stages.

**Ground Five:** "The Government prejudiced the Petitioner's Right to a fair trial by the deliberate delay." The delay was the result of prosecutorial misconduct and Holt received ineffective assistance of trial counsel when his attorney did not pursue this claim.

**Ground Six**.[1] Whether counsel was ineffective for not allowing the petitioner to review his proffer statement from the government after

---

[1] Labeled as Argument Five in the Memorandum of Law.

the interrogation of the petitioner, before signing such documents involuntarily, unknowingly, and unintelligently.

(Motion, ECF No. 1613, PageID 19399-403, 19417, 19420, 19433).

In a Supplement filed before the United States answered and within the one-year statute of limitations, Holt added two claims including a new claim of ineffective assistance of trial counsel with multiple subclaims.

> **Ground Seven:** Defendant's convictions are unconstitutional under *United States v. Davis*, 139 S. Ct. 2319 (Jun. 24, 2019).

> **Ground Eight**:  Ineffective assistance of trial counsel

> (a) for not calling alibi witnesses;
> (b) for not challenging fabricated DNA evidence;
> (c) for not challenging the statement of Carl Nelson, including by calling Jeremiah Jones as a witness;
> (d) by telling the Court that Holt could not come to his arraignment, despite Holt not authorizing him to say so; and
> (e) by not pursuing Holt's testimony[2] that he was an eyewitness and only saw one person shoot his friend.

(ECF No. 1621, PageID 19454-56).

# Analysis

## Ground One:  Imposition of Mandatory Life Sentence for a Crime Committed while a Juvenile

In his First Ground for Relief, Holt claimed that because he committed this crime while he was still a juvenile, the Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits

---

[2] Since Holt did not testify, presumably he is referring to something he told the police at the time he gave his DNA sample.

imposing a mandatory life sentence on him and his attorney provided ineffective assistance of trial counsel when he did not raise this Eighth Amendment claim.

The Government conceded that there is merit in part of the First Ground.

> [B]ecause the Eighth Amendment's restrictions on imposing a mandatory life term without parole on Count 19 for a crime committed as a juvenile were not called to the Court's attention, this Court should vacate Holt's sentence and conduct a resentencing hearing. While a discretionary life sentence remains an available option for homicides committed as a juvenile, resentencing is necessary to permit consideration of Holt's youth as required by *Miller v. Alabama,* 567 U.S. 460, 465 (2012).

(Response, ECF No. 1644, PageID 19524). The basis of the concession is that *Miller* held it is a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause to impose a mandatory life sentence without the possibility of parole on a person for a crime he or she committed while a juvenile. Because Miller was handed down before Holt's trial and sentencing, it was deficient performance by trial counsel not to call *Miller* to the Court's attention, and the failure was prejudicial because Holt was in fact sentenced to life imprisonment under an understanding that that was the mandatory sentence for committing murder in aid of racketeering.

The Government also conceded that "[b]ecause the sentence on the § 1959 count may have impacted the sentence on the § 924(j) count [murder in the course of drug trafficking], resentencing on both counts is appropriate." (Response, ECF No. 1644, PageID 19530, citing *Pasquarille v. United States,* 130 F.3d 1220, 1222 (6th Cir. 1997). In his Reply, Holt offered no opposition to this analysis, but merely "requests resentencing without an excessive sentence." (ECF No. 1646, PageID 19547).

5

The Report recommended that the Motion to Vacate be granted as to Ground One and that the Court should refer the case for an amended Presentence Investigation Report and appoint counsel to represent Holt in the sentencing process (ECF No. 1648, PageID 19564).

The United States did not object to this recommendation and Defendant's only caveat as to Ground One is that he does not admit to murdering anyone (Appeal, ECF No. 1653, PageID 19603-04).  Accordingly the Report is ADOPTED as to Ground One.


**Ground Two:  Ineffective Assistance of Trial Counsel for Failure to Pursue a Mental Health Evaluation**

In his Second Ground for Relief, Holt claimed his trial attorney provided ineffective assistance of trial counsel when he did not pursue a mental health evaluation.

In the Motion, Holt claims a number of mental health problems.  He asserts he was at some undisclosed point in time diagnosed as having Attention Deficit Hyperactivity Disorder (ADHD) and as a child with major depression which became worse when he was shot and paralyzed in 2010 (ECF No. 1613, PageID 19415).  He claims an intelligence quotient below 60 and numerous academic problems as well as suicidal ideation and attempts.  *Id.*  "Petitioner also states that he was in a psychiatric hospital and suffers from auditory / visual hallucinations that urge him to do stupid things." *Id.* at PageID 19416.  The inmate who prepared the Motion on Holt's behalf offers the following opinion:  "In summary it is my understanding from talking with him as another inmate and reviewing his legal file that he was definitely denied proper counsel in reference to establishing his mental competency at the time of the shooting, indictment, and subsequently the trial." *Id.*

The Report rejected this claim because absolutely no documentation was offered of any mental illness diagnosis or treatment or of Holt's asserted intellectual disability. Holt's trial attorney, Keith Golden avers "Mr. Holt never indicated or disclosed any condition(s) to the extent he alleges in his Petition, namely that he suffered 'from a multitude of serious mental health disorders.'" (Affidavit, ECF No. 1644-1, PageID 19542). Neither Mr. Golden nor his associate attorney who was active in preparing for and trying the case ever had any question that that Holt was competent to stand trial, much less that he was not guilty by reason of insanity. *Id.* at PageID 19542-43. The Court had significant and repeated interactions with Holt during pre-trial proceedings and never experienced any doubt about his competency, noting several times that Holt understood the charges and proceedings. *Id.*

The Court agrees with the Magistrate Judge that Ground Two is without merit. Based on Attorney Golden extensive criminal defense experience he would have sought a competency evaluation had Holt shown signs of incompetency as the Court would have done *sua sponte* had it seen any such signs.

As to Holt's claim that he now suffers from mental illness and intellectual disability such that he should be placed in a mental health facility by the Bureau of Prisons, that is not relief this Court can grant in a § 2255 proceeding.

Ground Two will therefore be dismissed on the merits with prejudice.

**Ground Three:  Ineffective Assistance of Trial Counsel for Not Allowing Defendant to Testify**

In his Third Ground for Relief, Holt claimed his attorney provided ineffective assistance of trial counsel by not allowing him to testify.  As the Report notes, the record thoroughly refutes this Ground for Relief.

Holt does not claim Golden gave him professionally deficient advice on whether to testify and the Report sets forth the advice Golden actually gave (ECF No. 1648, PageID 19567).  Instead, as the Report notes, the Court asked Holt directly and he declined to testify (Trial Tr., ECF No. 1524, PageID 16114-15).  Based on this record, the Magistrate Judge recommended that Ground Three should be dismissed on the merits with prejudice.

Holt still objects that he "wanted to testify on his own behalf, but counsel refused to allow him to do so."  (Appeal, ECF No. 1653, PageID 19605).  Because the record refutes this claim, the Report is ADOPTED as to Ground Three.

**Ground Four:   Ineffective Assistance of Counsel for Not Pursuing Dismissal of the Indictment**

In his Fourth Ground for Relief, Holt alleges he received ineffective assistance because his attorneys did not pursue his motion to suppress and his motion to dismiss the indictment "through the Appeal Stages."  (Motion, ECF No. 1613, PageID 19403).

As the United States acknowledged, it must meet certain conditions before proceeding in federal court against a defendant who is younger than 21 at the time of indictment for acts that such defendant committed before turning 18.  *See* 18 U.S.C. §§ 5031, 5032; *United States v. Machen*, 576 F. App'x 561, 562 (6th Cir. 2014).  In particular, for defendants younger than 21

when indicted, if the charges concern only acts committed before the age of eighteen, the United States must "'certif[y]' that certain conditions are met and that federal jurisdiction is appropriate." *Id*. at 562; see also *United States v. Maddox*, 944 F.2d 1223, 1233 (6th Cir. 1991).

The Report concluded that a plain reading of the statute and the cited case law makes it clear that these requirements are irrelevant for a defendant who is indicted after turning twenty-one. *United States v. Hoo*, 825 F.2d 667, 669-70 (2nd Cir. 1987). Because Holt was under eighteen when he murdered Battle, but over twenty-two when he was indicted, the Magistrate Judge concluded the certification statute did not apply (Report, ECF No. 1648, PageID 19569).

Holt objects but does not cite any case law disagreeing with the Report's interpretation of the statute. instead he accuses the United States "intentionally and deliberately waited until the Petitioner was 22 years old[.]" (Appeal, ECF No. 1653, PageID 19605). On the contrary as the Report notes, Quincy Battle's murder remained unsolved for four years; it was only then that investigators began to suspect Holt. There was no showing of intentional and prejudicial pre-indictment delay. See analysis below of Ground Five.

Accordingly, the Report is ADOPTED as to Ground Four.


**Ground Five:  Prosecutorial Misconduct by Deliberate Delay of Prosecution**


In his Fifth Ground for Relief, Holt directly asserts the United States Attorney deliberately delayed his prosecution until he was twenty-two and prejudiced him because "various witnesses" were not available and because it made him triable as an adult (ECF No. 1613, PageID 19417). He also asserts "[c]ounsel was ineffective for not pursuing this claim all the way to the United States Supreme Court." *Id.* at PageID 19420.

Prior to trial the Court thoroughly considered this claim and rejected it (ECF No. 682). The Report concluded that any claim of prosecutorial misconduct for delaying the indictment and trial was therefore procedurally defaulted because it was not raised on direct appeal (Report, ECF No. 1648, PageID 19571). The Magistrate Judge also concluded Holt had not shown ineffective assistance of appellate counsel as excusing cause. Holt had "not even made an argument about how this claim would have been stronger than the claims actually raised on appeal. In particular, he has now shown why the precedent cited by Judge Marbley in denying the motion to dismiss is not controlling or somehow distinguishable." *Id.* at 19572.

Holt objects that "the government admitted it could have prosecuted Petitioner many years earlier. . . ." (Appeal, ECF No. 1653, PageID 19606), but he gives no record reference to where such an admission can be found. Nor has he given any reason why, in light of this Court's ruling on pre-indictment delay, challenging that decision on appeal would have been stronger than the arguments actually made.

Ground Five will therefore be dismissed as procedurally defaulted by failure to raise it on appeal.

**Ground Six: Ineffective Assistance of Counsel Regarding "Proffer"**

In his Sixth Ground for Relief, Holt claimed he received ineffective assistance of trial counsel when his attorneys did not allow him to "review his proffer statement" before signing it (Motion, ECF No. 1613, PageID 19433). The Report recommended dismissing this Ground for Relief for lack of any factual basis (Report, ECF No. 1648, PageID 19573).

Holt objects, but provides no record reference to any factual basis for his claims (Appeal, ECF No. 1653, PageID 19607-08).  As to Ground Six, the report is ADOPTED.

**Ground Seven:  Convictions Made Unconstitutional by *United States v. Davis***

In his Seventh Ground for Relief, Holt asserted  his convictions are made unconstitutional by the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019), which found unconstitutional the so-called "residual" clause in 18 U.S.C. § 924(c)(3)(B).The Report concluded, contrary to Holt's assertion, that the Government did not rely on the residual clause in this case (ECF No. 1648, PageID 19574).

Holt objects, but does not show any way in which the United States relied on 18 U.S.C. § 924(c)(3)(B) to support his conviction under 18 U.S.C. § 924(j) for murder in the course of a drug trafficking crime (Appeal, ECF No. 1653, PageID 19608).

Ground Seven will be dismissed with prejudice on the merits.

**Ground Eight:  Ineffective Assistance of Trial Counsel in Five Ways**

In his Eighth Ground for Relief, pleaded in his Supplement, Holt makes five additional claims of ineffective assistance of trial counsel.  His arguments in support of these subclaims were largely conclusory.  For example, he claimed ineffective assistance of trial counsel in failure to call "his alibi witnesses," but never says who "these alibi witnesses were or what they would have testified to" (Report, ECF No. 1648, PageID 19575).  The Magistrate Judge recommended dismissal of Ground Eight on the merits.  *Id*. at, PageID 19578.

Holt objects, but he never names the alibi witnesses, never suggests what evidence there is that the DNA evidence was "fabricated," what statement Carl Nelson made that should have been challenged, and so forth (Appeal, ECF No. 1653, PageID 19608-09).  The Objections present no information or argument not already considered by the Magistrate Judge.

The Report is ADOPTED as to Ground Eight.

**Conclusion**

Having reviewed de novo those portions of the report to which specific objections was made, the Court OVERRULES the objections and ADOPTS the Report.

As to Ground One, the sentences in this case are VACATED and the case is referred to the United States Probation Services for a new presentence investigation.  Defendant shall be returned from his place of confinement to this District for resentencing and the Magistrate Judge resident at Columbus performing criminal duty when this Order is filed shall appoint new counsel for Defendant.

As to Grounds Two through Eight, they are hereby dismissed with prejudice.  As to these grounds, reasonable jurists would not disagree with dismissal, Defendant is denied a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

The Clerk shall enter a separate judgement to this effect.

Dated:  June 23, 2020

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**